UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GREGORY MAHRT,

        Petitioner,

  vs.

JEFFREY A. BEARD, et al.,

        Respondent.

No. 1:14-CV-1696 NJV

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in Sonoma County, which is in this district, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner been granted leave to proceed in forma pauperis and has consented to the jurisdiction of a Magistrate Judge. Docket Nos. 7 and 8.

## BACKGROUND

Pursuant to a plea agreement, Petitioner was convicted of being a felon in possession of a firearm in violation of Penal Code Section 29800(a)(1), and of being in possession of ammunition in violation of Penal code Section 30305(a)(1). Petitioner states that he appealed to the Court of Appeal and filed a petition for writ of habeas corpus with the California Supreme Court, both of which were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     Legal Claims**

Petitioner's ground for federal habeas relief is that he was denied his Sixth Amendment right to effective assistance of counsel and was thereby prejudiced.  This claim is sufficient to require a response.

**CONCLUSION**

1.  The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 17, 2014.

NANDOR J. VADAS
United States Magistrate Judge

For the Northern District of California

3